my

# FILED

## JAN 2 4 2013

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

### BEFORE THE UNITED STATES
### JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: DOMESTIC DRYWALL
ANTITRUST LITIGATION

MDL NO. _____

## AMENDED MOTION FOR TRANSFER OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407 TO WESTERN DISTRICT OF NORTH CAROLINA

Pursuant to 28 U.S.C. § 1407, Movant Caceres Drywall Corporation respectfully moves the Panel to centralize seven antitrust actions alleging a price fixing conspiracy in the sale of drywall in the United States ("*Domestic Drywall Antitrust* actions").

In particular, Movant seeks centralization of the seven actions set forth in the enclosed Amended Schedule of Related Actions, as well as any tag along actions or other cases such as may be subsequently filed asserting related or similar claims. Plaintiff respectfully requests that the Related Actions be so centralized in the United States District Court for the District of Western District of North Carolina, Charlotte Division, before the Honorable Graham C. Mullen.

In support of this Motion, Movant states:

1.     Movant is the plaintiff in *Caceres Drywall Corporation v. National Gypsum Company a/k/a New NGC Co., et al.* (3:13-cv-00031 (W.D.N.C.)), in which it alleges an antitrust price fixing conspiracy in the sale of drywall in the United States. The case has been assigned to the Honorable Graham C. Mullen.

1.     To date, there have been seven antitrust price-fixing conspiracy class actions filed against overlapping Defendants – alleging similar antitrust conspiracies in the sale of

domestically manufactured drywall, also known as wallboard, sheetrock, and gypsum board (the "Related Actions"):

  a.  *Caceres Drywall Corporation v. National Gypsum Company a/k/a New NGC Co., et al.*, 3:13-cv-00031 (W.D.N.C.);

  b.  *Jerry R. Berkhous d/b/a Berkhous Drywall & Construction v. National Gypsum Company a/k/a New NGC, Inc.*, Case No. 3:13-cv-00035 (W.D.N.C.);

  c.  *Sierra Drywall Systems, Inc. v. USG Corporation, et al.*, 1:12-cv-09949 (N.D. Ill.);[1]

  d.  *Sierra Drywall Systems, Inc. v. Certainteed Corp., et al.*, 2:13-cv-00020 (E.D. Pa.);

  e.  *Janicki Drywall, Inc. v. Certainteed Corp., et al.*, 2:12-cv-07106 (E.D. Pa.);

  f.  *New Deal Lumber & Millwork Co., Inc. v. USG Corporation, et al.*, 2:12-cv-07106 (E.D. Pa.); and

  g.  *Grubb Lumber Company, Inc. v. USG Corporation, et al.*, 2:13-cv-00249 (E.D. Pa.).

2.  The Related Actions involve one or more common questions of fact, including:

  a.  Whether Defendants and their co-conspirators engaged in a combination and conspiracy among themselves to fix, raise, peg, maintain or stabilize prices for the sale of domestically manufactured drywall in the United States;

  b.  The identity of the participants of the alleged conspiracy;

  c.  The acts carried out by Defendants and their co-conspirators in furtherance of the alleged conspiracy;

  d.  Whether the alleged conspiracy violated the Sherman Act;

  e.  Whether the conduct of Defendants and their co-conspirators caused injury to the business or property of Plaintiffs and the members of the Class in the Related Actions;

---

[1] Sierra Drywall voluntarily dismissed this case in the Northern District of Illinois. It re-filed a few days later in the Eastern District of Pennsylvania. There are no cases pending in the Northern District of Illinois.

      f.     The effect of the alleged conspiracy on the prices of drywall sold in the United States;

      g.    The appropriate measure of damages sustained by the Plaintiffs and other members of the classes in the Related Actions.

3.     Centralization of the *Domestic Drywall Antitrust* actions will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources.

4.     The United States District Court for the Western District of North Carolina, Charlotte Division, is the most appropriate forum for coordination or consolidation of the Related Actions, including for at least the following reasons:

      a.    The center of gravity of *Domestic Drywall Antitrust* actions is in the southeast United States. A number of Defendants are located in, and witnesses and evidence are likely to be found, in the Western District of North Carolina, Charlotte Division, as well as within the southeast United States generally, including in Georgia, Virginia, and Texas;

      b.    No District in which a Related Action is pending has a meaningful procedural advantage over another;

      c.    The Western District of North Carolina has a relatively unburdened docket for the efficient and expeditious management of a multidistrict litigation proceeding;

      d.    The Western District of North Carolina, Charlotte Division, is easily accessible for parties and counsel; and

      e.    Senior Judge Mullen, who was assigned the first-filed Western District of North Carolina case, is an experienced and able jurist who is well-acquainted with handling complex class actions in multi-district litigation proceedings, and would efficiently and effectively preside over the Related Actions.

WHEREFORE, Plaintiff respectfully requests that the Panel centralize the actions set forth in the Schedule of Actions filed herewith, as well as any tag along actions or other cases such as may be subsequently filed asserting related or similar claims in the United Stated District

Court for the Western District of North Carolina, Charlotte Division, before the Honorable

Graham C. Mullen.

Dated: January 18, 2013

Respectfully submitted.

  /s/     Linda P. Nussbaum
Linda P. Nussbaum
Peter A. Barile III
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, New York 10017
Tel.:    (646) 722-8500
Fax:    (646) 722-8501
Email: lnussbaum@gelaw.com
          pbarile@gelaw.com

*Counsel for Movant and the Proposed Class*

4